DOLORES RIVERA DE GÓMEZ, Plaintiff and Appellee, *v.* RAFAEL DE CHOUDENS ET AL., Defendants and Appellants.

No. 8891. Argued June 13, 1944.—Decided July 24, 1944.

L. *Coballes Gandía* for appellants. *Fernando J. Géigel* and *Adrián Agosto* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

In the petition filed in the District Court of San Juan, the plaintiff alleged that she was the owner of an urban property situated in Santurce, consisting of a lot bounded on its western side by defendants' lot for 17 meters and

50 centimeters. On the lot there is a concrete two-story house which measures 24 feet in front and 37 feet deep.

The defendants are owners of the following properties:

"(A) URBAN: Consisting of a house and lot, the latter measuring 133 and one-fourth square meters, said urban property being situated in 'Vereda Estrecha' Street, and said house is designated number one on said street, in the northern section of the ward of Santurce of this city of San Juan, Puerto Rico.

"(B) URBAN: Parcel of land, situated in the northern section of this city of San Juan, Puerto Rico, with an area of 37 square meters, 35 square centimeters, in the form of a triangle, bounded on the north, for 5 meters and 20 centimeters, by land of the Succession París; on the East, for 12 meters and 20 centimeters, by a lot of Francisco Rivera París, said property coming from the main property of Gregoria París. This lot now belongs to the petitioner herein, Dolores Rivera, widow of Gómez, and is the one described in the 2d paragraph of this petition; and on the west, for 13 meters and 20 centimeters, by a lot of Rafael de Choudens, described under letter (a) in the 3d paragraph of this petition."

The plaintiff alleged: That the two lots belonging to the defendants form a single tract, since they are adjoining lots; that by public deed duly recorded, the defendants, because properties A and B are grouped and form a single property and abut upon the property now belonging to the petitioner, established on parcel B an easement of light and view for the benefit of the plaintiff's parcel, which previously belonged to Juan Francisco Rivera París, expressly consenting to allow the windows and openings in the house situated on plaintiff's property to remain permanently unobstructed in the same manner that they were at the time when the easement was established on May 25, 1938. Plaintiff's house was built at a distance of 45 centimeters from the western boundary of lot B belonging to the defendants. There are in the house, both on the lower and upper floors, windows and openings which face lot B of the defendants on its western side.

The plaintiff further alleged that, notwithstanding her objections and protests, the defendants have constructed a wooden addition to the house situated on the property described under letter $A$; that said addition extends over the strip of land described under letter $B$, which is subject to the easement, in such a manner that it renders the easement ineffective, obstructing the windows and openings in plaintiff's house.

For a better understanding of the facts and of the location of the three parcels, it is desirable to state that respondent's properties, $A$ and $B$, abut upon each other and both are situated west of plaintiff's property. The addition that affects the easement has been built to the house located on property A and extends over property $B$, which is the one subject to the easement, until it reached petitioner's boundary obstructing the openings and windows.

Plaintiff prayed for the issuance of a permanent writ of injunction by which the respondent be ordered to discontinue the work begun and to destroy and remove what has been already built.

On April 7, 1943, the court below entered judgment for the plaintiff in the following manner:

"The defendants in this case, by public deed executed before Notary Aureliano Rivera on May 25, 1938, as owners of the parcel of land described in said deed, *established upon the same* an easement of light and view for the benefit of the adjoining parcel then belonging to Juan Francisco Rivera and now belonging to the petitioner in this case 'consenting expressly and permanently that the windows and openings in the house situated in said property, and which have been described, remain open, for the benefit of the same, in the same form and manner that they are now.'

"The 'windows and openings described' are set forth in section four of said deed and the same are 'on the ground floor of said house, west side, a window measuring three feet by two, an opening of the size of a door covered with an iron grating and a banister of the porch in the back part of said house, and on the upper floor, on the same west side, four windows of the usual size, that is, three

feet by five, and a window measuring one foot and a half by three, facing all said windows or openings on the parcel of land belonging to said De Choudens.'

"From the unequivocal terms of said deed it can be readily inferred that by said title the right to have a direct and unobstructed view of plaintiff's adjoining property was acquired, and therefore, in accordance with §521 of the Civil Code, the respondents cannot, as owners of the servient lot, construct at a distance less than three meters, said distance to be measured by virtue of §519 of the same code, from the outer line of the wall when there are no projections and from the line of the latter when such exist.

"Therefore the petition should be granted and the permanent writ of injunction should be issued. . ."

In support of their appeal the defendants limit themselves to alleging that the plaintiff did not proceed with due diligence in filing their petition for injunction. This defense was not raised before the lower court and cannot be raised for the first time on appeal. Furthermore, the evidence discloses that the plaintiff objected as soon as she had knowledge of the defendants' intention to construct this addition, and tried by friendly means to dissuade them from it, being compelled as a last resort to file the petition for injunction.

The evidence and the law justify the judgment appealed from, and the same is affirmed.